UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARIA G. ZAVALA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-483 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| ) | |

       This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI) benefits.  The Commissioner held that plaintiff was not disabled within the meaning of the Social Security Act during the period from her alleged onset of disability of November 22, 2000, through March 10, 2005.  On January 30, 2006, Magistrate Judge Joseph G. Scoville issued a report and recommendation recommending that the Commissioner's decision be affirmed. (docket # 14).  The matter is now before the court for *de novo* review on plaintiff's objections to the report and recommendation. (docket # 15).

       Plaintiff's initial objections are that the Commissioner's decision should be overturned because the ALJ violated the treating physician rule, and because the ALJ failed to provide "good reasons" for the weight given to the opinion of plaintiff's treating physician as required by 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Neither objection has merit.  The court is

persuaded that the magistrate judge's analysis of these issues on pages 4 through 8 of the report and recommendation is correct.

Plaintiff's remaining objection relates to the number of jobs identified by the vocational expert ("VE") in his response to the ALJ's hypothetical question. At the outset, the court rejects the premise of plaintiff's objection, that the VE identified only 3000 jobs, because the hearing transcript shows that the VE identified in excess of 21,000 jobs in Michigan that plaintiff was capable of performing, and that certainly constitutes a significant number of jobs. Moreover, plaintiff's objection's reliance on the more than sixteen-year-old, unpublished decision of this court in *Brown v. Secretary*, No. G85-958CA (W.D. Mich. July 21, 1989) is misplaced. The *Brown* decision was highly fact specific, and has been effectively overruled by subsequent Sixth Circuit decisions. In *Brown*, citing the then-recent Sixth Circuit decision in *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988), Judge Miles found that uncontradicted evidence established that the claimant's impairments limited her to driving short distances, approximately 3 to 4 times per week, thereby eliminating all jobs outside the immediate radius of plaintiff's home, and leaving available to Ms. Brown only a "small fraction" of the 3000 jobs scattered throughout the State identified by the VE. Judge Miles found that under these circumstances, the jobs identified by the VE did not constitute a significant number of jobs, and he issued an order directing the Secretary of Health and Human Services to award benefits.[1] Here, in contrast, plaintiff has expressly disavowed any special inability to travel. (Objections at 14 n.9). *Brown* was effectively overruled by the Sixth Circuit's 1999

---

[1] The Sixth Circuit's decision in *Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) established that, "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."

decision in *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999), which held that the Commissioner is not required to show that job opportunities exist within the local area where the plaintiff lives. *See also Roby v. Commissioner*, 48 F. App'x 532, 539 n.3 (6th Cir. 2002)("Commissioner is not required to show that jobs exist within a local commuting area."); *Nation v. Apfel*, No. 98-6759, 1999 WL 970302, at * 8 (6th Cir. Oct. 15, 1999)("Congress intended to 'provide a definition of disability which can be applied with uniformity and consistency throughout the Nation, without regard to where a particular individual may reside . . . .'")(quoting H.R.REP. NO. 544, 90th Cong., 1st Sess. 29, 30 (1967)).  The court finds that the jobs identified by the VE constitute a significant number of jobs, and plaintiff's objection will be overruled.

## Conclusion

For the reasons stated herein, plaintiff's objections will be overruled, the magistrate judge's report and recommendation will be adopted as the court's opinion, and a judgment affirming the Commissioner's decision will be entered.

Date:   February 16, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT  JUDGE